■ RICHARD KNAPEK et al., Appellants, v MV SOUTHWEST CAPE et al., Respondents, et al., Defendant. — Per Curiam.

The instant action is for personal injuries sustained by plaintiff Richard Knapek (hereinafter plaintiff) in a boating accident on the Hudson River near the Village of Coxsackie, Greene County, on May 27, 1978. According to plaintiff's affidavit on the instant motions, he and his wife were sitting in the family's houseboat anchored in shallow water on the easterly shore of the river when defendant *MV Southwest Cape,* a large, oceangoing oil tanker, passed by in close proximity and at a high rate of speed. This initially drew water away from the houseboat, grounding it, and then the water rebounded in an eight-foot wave which caused plaintiff's wife to fall overboard and then to be sucked under the boat. Plaintiff dove in the water to rescue his wife and, as a result of the continued turbulence, the boat came down upon him, once on his chest and a second time on his hip. He suffered a collapsed lung and several severe pelvic fractures, entailing periods of hospitalization and extended physical and emotional disability.

A summons was served on May 19, 1981, but issue was not joined because of mutually agreed-upon extensions until April 12, 1982. The appearing defendants (hereinafter defendants) served with their answer demands for a bill of particulars, hospital authorizations, discovery and inspection of medical records, and the names and addresses of eyewitnesses. When a response to these demands was not forthcoming, defendants made motions to preclude for the failure to serve the bill of particulars and to dismiss the complaint regarding the noncompliance with their discovery notices. By consent, the applications were disposed of by 45-day conditional preclusion and dismissal orders served on plaintiffs' attorneys on August 13, 1982. Timely responses containing the information demanded

were then prepared but, through inexplicable inadvertence, they were not forwarded to defendants until after a telephone inquiry regarding them from defendants' counsel in mid-November 1982. At this point, however, the papers were rejected by defendants' counsel as untimely. Initially, plaintiffs made no applications to modify or otherwise be relieved of the previously granted conditional orders, nor have defendants to date applied for judgment or other sanctions based thereon. Plaintiffs' counsel now explains this delay on their awaiting legislative action on proposals to statutorily overrule the holdings in *Barasch v Micucci* (49 NY2d 594) and its progeny that law office failure was not an excusable default as a matter of law.

Approximately three months after enactment of that legislation (CPLR 2005, 3012 [d]; L 1983, ch 318, eff June 21, 1983), the instant motions pursuant to CPLR 2004 were made for extension of the time limits contained in the conditional orders. Plaintiffs' motions were then referred to the Special Term Justice who granted the original orders. Upon such referral of plaintiffs' motions, Special Term denied the applications on three alternative grounds: (1) that newly enacted CPLR 2005 (and presumably CPLR 2004, the section invoked by plaintiffs) was unavailable because its application extends only to pending actions and, under the conditional order of dismissal, "this action has been dismissed and is no longer pending before this court"; (2) that, therefore, the only applicable avenue of relief from the prior orders is CPLR 5015, which, however, is not available because plaintiffs' motions for such relief were not made within the one-year limitation period specified in CPLR 5015 (a) (1); and (3) that were discretionary relief available, Special Term would not exercise such discretion because of plaintiffs' unexplained inordinate delay. This appeal by plaintiffs then ensued.

At the outset, we note our disagreement with Special Term's premise that, upon expiration of the 45-day period contained in the conditional order of dismissal, the action was no longer pending. No judgment was ever entered upon the order of dismissal and, until such a judgment, the action lacked a final determination of the rights of the parties and hence was still pending (*see, Towley v King Arthur Rings,* 40 NY2d 129, 132; *Concourse Super Serv. Sta. v Price,* 33 Misc 2d 503; 8 Carmody-Wait 2d, NY Prac § 63:2, at 625-626 [1966]). This being the case, relief was open to extend the time limits of both conditional orders pursuant to CPLR 2004, which expressly permits an application therefor "whether * * * made before *or after* the expiration of the time fixed" (emphasis supplied). Nor was this

remedy precluded as a matter of law because plaintiffs' motions were not made within the one-year period provided in CPLR 5015 (a) (1). That subparagraph of CPLR 5015 is of dubious applicability, since it deals with relief from *default* orders or judgments (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5014.04 [1984]). Here, the orders from which plaintiffs seek relief were entered by consent (*cf. Pergamon Press v Tietze,* 81 AD2d 831, 832, *lv dismissed* 54 NY2d 830).

Having thus concluded that judicial discretion is available under CPLR 2004[*] to extend the time limits contained in the conditional orders, we now address the merits of plaintiffs' application for that relief. It is clear that all the periods of delay in complying with the conditional orders represent, cumulatively, a classic illustration of law office failure. While the delays were inexcusable, the record as a whole (and notably, the facts that plaintiffs' responses to the conditional orders were actually prepared within the 45-day periods contained therein and that plaintiffs made voluntary disclosure to defendants in advance of the formal demands) establishes that there was no willful obstruction of pretrial disclosure nor intentional abandonment of the action. Plaintiffs' affidavit adequately establishes a prima facie meritorious cause of action and medical reports attached to the moving papers indicate that he suffered seriously disabling injuries. There has been no showing whatsoever of any prejudice to defendants attributable to plaintiffs' delay. Given all of these circumstances, we exercise our discretion not to penalize plaintiffs for the error of counsel and substitute the sanction of a severe fine to be imposed personally on plaintiffs' attorneys, consisting of payment of an aggregate of $2,000 to the appearing defendants (*see, Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865, 867; *Batista v St. Luke's Hosp.,* 46 AD2d 806, 807).

Order reversed, on the law and the facts, without costs, and plaintiffs' motions granted on the condition that counsel for plaintiffs pay $2,000 to the appearing defendants and serve their responses to said defendants' demands for disclosure and for a bill of particulars within 20 days after service of a copy of the order to be entered on this decision with notice of entry, failing which, the order is affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

[*] Recently enacted CPLR 2005 does not apply here. By its terms, its remedy extends to delays in pleadings or to default orders and judgments, but not to delays and defaults at intermediate stages of the action (*see,* 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2005.02 [1984]).