■ JOSEPHINE CAGGIANO, Respondent, v CYRIL ROSS, Appellant.—In a medical malpractice action to recover damages for personal injuries and wrongful death, the defendant appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated April 23, 1986, which, upon the plaintiff's motion, in effect, for renewal, *inter alia,* vacated an order of the same court, dated February 3, 1986, granted the plaintiff's motion to relieve her of the consequences of a conditional order of preclusion (Slifkin, J.), dated September 7, 1984, and directed the defendant to accept her bill of particulars and medical authorizations on condition that the plaintiff's attorney personally pay to the defendant the sum of $1,000 within

30 days after receipt of a copy of the order with notice of entry.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff served a verified bill of particulars some 39 days after service upon her of the conditional order of preclusion dated September 7, 1984, with notice of entry. That order had afforded the plaintiff 30 days within which to serve a bill of particulars as well as certain medical records and written authorizations. Her subsequent application for an order directing the defendant to accept the proffered bill of particulars and accompanying medical authorizations was denied in view of the plaintiff's failure to provide the court with an affidavit of a physician competent to attest to the meritorious nature of the claim. The defendant's cross motion for summary judgment was granted. The plaintiff's initial motion for leave to renew, which was improperly labeled a motion for reargument, was denied by order dated February 3, 1986, on the ground of the insufficiency of the affidavit of merit submitted by the plaintiff's medical expert. The plaintiff thereafter moved for leave to renew and reargue. This motion was granted upon the plaintiff's correction of the aforesaid defect.

The sufficiency of an affidavit is an issue ordinarily left to the discretion of the court *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695). Insofar as the affidavit of merit submitted by Dr. Nathanial Shafer in the instant case set forth the defendant's alleged departures from accepted medical practice and concluded that the specified departures were the proximate cause of the injuries and subsequent death of the decedent, the affidavit was properly found to be legally sufficient *(cf., Friedberg v Bay Ridge Orthopedic Assocs.,* 122 AD2d 194). In view of the brevity of the delay, the absence of substantial prejudice to the defendant, the absence of any intent by the plaintiff to abandon the action and the public policy in favor of resolving cases on their merits, the court did not abuse its discretion in excusing the plaintiff's default upon counsel's payment of costs to compensate for the inconvenience and additional legal work emanating from the delay *(see, Whitbeck v Erin's Isle,* 109 AD2d 1032, 1034; *Heffney v Brookdale Hosp. Center,* 102 AD2d 842, 843). Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.