■ VINCENT BOSSONE et al., Respondents, v GENERAL ELECTRIC COMPANY et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Doran, J.), entered March 22, 1991 in Schenectady County, which partially denied defendants' motions to dismiss the complaint for, *inter alia,* failure to comply with defendants' requests for discovery.

In May 1987, plaintiffs commenced this action against various defendants,* including defendant Rexroth, Inc. (hereinafter defendant), asserting causes of action for negligence and strict products liability. At the time issue was joined in September 1987, defendant made a demand for a bill of particulars. In August 1989, defendant moved for, *inter alia,* a preclusion order based on plaintiffs' failure to supply a bill of particulars. Supreme Court issued a conditional preclusion order on April 9, 1990 directing the service of a verified bill of particulars on defendant within 45 days. When plaintiffs failed to respond, defendant moved for summary judgment dismissing the complaint based on Supreme Court's prior order. Defendant's motion was denied and a second conditional preclusion order was issued, directing plaintiffs to serve of a bill of particulars by September 30, 1990. That order was based on Supreme Court's finding that the delay up to that point had been directly attributable to plaintiffs' former counsel. Plaintiffs' present counsel apparently did not obtain the file until the first week of June 1990. A bill of particulars was served on defendant on September 29, 1990. Shortly thereafter, defendant again moved for, *inter alia,* summary judgment dismissing the complaint on the ground that the bill of partic-

---

* Although notices of appeal were originally filed by all defendants in the action, two of the three defendants have since abandoned their appeals.

ulars furnished by plaintiffs was insufficient. Supreme Court denied the motion and this appeal ensued.

There should be an affirmance. Initially, we note our agreement with defendant that certain responses contained in the bill of particulars served by plaintiffs were overly vague and conclusory *(see, Major v General Motors Corp.,* 126 AD2d 521, 522). It is undisputed, however, that plaintiffs included with their papers in opposition to defendant's motion for summary judgment a supplemental bill of particulars which, in our view, adequately cured the deficiencies claimed by defendant *(cf., Greystone in Westchester Coop. No. 1 v All Boro Paving Corp.,* 108 AD2d 720, 722). The brief delay in furnishing the supplemental bill of particulars until approximately one month after the deadline set by Supreme Court was within the court's discretion to excuse in consideration of the attempt by plaintiffs' counsel to comply with the court's conditional order, the absence of any showing by defendant of prejudice and the public policy in favor of resolving cases on their merits *(see, Caggiano v Ross,* 130 AD2d 538, 539; *Knapek v MV Southwest Cape,* 110 AD2d 928, 931).

We are unpersuaded by defendant's remaining contention that the three-year delay in discovery has placed it at a severe disadvantage warranting dismissal of the complaint. Although defendant now challenges the propriety of both of Supreme Court's prior orders extending plaintiffs' time to serve a bill of particulars, we find no abuse of discretion by the court in its refusal to dismiss the complaint. Supreme Court found that the initial delay was apparently caused by plaintiffs' former counsel and we agree that such delay should not be attributable to plaintiffs, as there is no indication of an intent by them to abandon the action *(see, Caggiano v Ross, supra; Knapek v MV Southwest Cape, supra; see also, Levin v Memorial Sloan-Kettering Hosp.,* 122 AD2d 869). Moreover, defendant has at no time demonstrated that substantial prejudice has resulted to it and, as previously stated, the resolution of cases on their merits is strongly favored.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.