■ Dino Sabatello, Respondent, v Fred Frescatore et al., Appellants. [607 NYS2d 176] —Weiss, J. Appeal from an order of the Supreme Court (Brown, J.), entered September 16, 1992 in Saratoga County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

In this personal injury action alleging negligence in the maintenance of defendants' premises, plaintiff did not comply with a conditional order of preclusion for failure to serve his bill of particulars or pay $170 costs awarded defendants. Plaintiff neither appeared in opposition to the motion nor had he moved to vacate the order or to obtain an extension of time to comply. When defendants moved for an order directing entry of a judgment dismissing the complaint, plaintiff cross-moved for an order vacating the conditional order and for an extension of 30 days in which to serve his bill of particulars and to comply with defendants' demands for discovery and inspection. Supreme Court denied defendants' motion and

---

* It appears from defendants' brief that Williams has now obtained such an appointment.

granted plaintiff's cross motion, imposing additional costs of $250 payable to defense counsel within 20 days. This appeal by defendants ensued.

We affirm. It is well settled that the trial court has broad discretion to determine dismissal motions for failure to serve a bill of particulars or otherwise comply with discovery demands, in the absence of willful or contumacious conduct (*Strauss v Vladeck*, 173 AD2d 1063; *Zletz v Wetanson*, 67 NY2d 711), even when the failure occurs despite prior court orders (*Kirkland v Community Hosp.*, 187 AD2d 566, 567; *Picinic v Seatrain Lines*, 169 AD2d 409, 410, *lv denied* 78 NY2d 854, *cert denied* — US —, 112 S Ct 439). Although the conditional order of preclusion was granted without plaintiff's opposition, we believe that he has demonstrated a plausible excuse for his delinquency and that defendants have not demonstrated prejudice. In fact, defendants' instant motion for judgment was made 43 days after service by mail of the 30-day conditional order of preclusion. We find that plaintiff's short default was excusable within Supreme Court's discretion given plaintiff's hospitalization, the absence of any demonstrated prejudice (*see, Bossone v General Elec. Co.*, 185 AD2d 504; *Darrell v Yurchuk*, 174 AD2d 557), and public policy in favor of resolving cases on their merits (*see, Caggiano v Ross*, 130 AD2d 538, 539; *Knapek v M V Southwest Cape*, 110 AD2d 928, 930). Nor has there been any demonstration or indication of plaintiff's intent to abandon the action (*see, Bossone v General Elec. Co., supra; Caggiano v Ross, supra*).

Cardona, P. J., Mercure, White and Casey, JJ. Ordered that the order is affirmed, without costs.