■ CHARLES A. BARE, Respondent, v LONISSA C. KISSINGER, Defendant and Third-Party Plaintiff-Respondent. TIMOTHY JOHNSON, Third-Party Defendant-Appellant. [622 NYS2d 130] —Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered June 27, 1994 in Fulton County, which denied third-party defendant's motion to dismiss the complaint and granted plaintiff's motion for an order, *inter alia,* modifying a conditional order of preclusion.

Plaintiff commenced this action to recover for injuries he sustained in the collision of a police car, driven by third-party defendant and occupied by plaintiff, with a car owned and operated by defendant. On May 20, 1994, Supreme Court issued a consent order precluding plaintiff from giving evidence with respect to the items and information requested in third-party defendant's demand for expert witnesses unless plaintiff served a full and complete response thereto within 15 days after the date of service of the order with notice of entry upon plaintiff's attorneys. The order was served upon plaintiff's attorneys by mail on May 23, 1994. On June 10, 1994, third-party defendant moved for an order dismissing the complaint due to plaintiff's noncompliance with the conditional

order of preclusion, and on June 16, 1994 plaintiff cross-moved for an order vacating, modifying or extending the time for compliance with the same upon the ground that one of his experts, an accident reconstructionist, was not available to supply plaintiff with the necessary information within the limited time frame of the conditional order. Supreme Court denied third-party defendant's motion and granted plaintiff's cross motion to the extent of granting plaintiff an additional 20 days within which to comply with the May 20, 1994 conditional order of preclusion. Third-party defendant appeals.

In view of Supreme Court's broad discretion to determine dismissal motions for failure to comply with discovery demands in the absence of willful or contumacious conduct, even when the failure occurs despite prior court orders (see, Sabatello v Frescatore, 200 AD2d 939, 940), we conclude that Supreme Court did not err in its denial of third-party defendant's motion. We also note that, taking into account the five-day period allowed by CPLR 2103 (b) (2) (see, Matter of Willoughby Nursing Home v Axelrod, 113 AD2d 617, 620), plaintiff had until Monday, June 13, 1994 to comply with Supreme Court's order and third-party defendant's motion was, thus, premature. Further, plaintiff made a substantial effort at compliance with Supreme Court's order in a lengthy facsimile transmission on June 8, 1994. This, coupled with the fact that plaintiff's default amounted to only three days, plaintiff's "plausible excuse for his delinquency" (Sabatello v Frescatore, supra, at 940) and the absence of substantial prejudice to third-party defendant (see, supra, at 940), justified Supreme Court's extension of plaintiff's time for compliance with the preclusion order.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.