■■■ NICOLE A. PARKHILL et al., Appellants, v JOHN M. CLEARY et al., Respondents. (Appeal No. 1.) [716 NYS2d 925] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Discovery.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■■■ NICOLE A. PARKHILL et al., Appellants, v JOHN M. CLEARY et al., Respondents. (Appeal No. 2.) [716 NYS2d 251] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by them in a motor vehicle accident allegedly resulting from the negligence of defendant John M. Cleary (Cleary). Plaintiffs issued a subpoena duces tecum upon a nonparty witness, seeking to discover the substance of a conversation between the witness and plaintiffs' attorney concerning statements made by Cleary to the witness after the accident. By order entered May 4, 1999, Supreme Court denied defendants' motion to quash the subpoena and ordered that the witness be deposed. At the deposition of that witness, defendants' attorney effectively prevented plaintiffs from conducting a meaningful deposition (see, Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94, 95) by, inter alia, objecting on the ground that certain questions had been asked and answered when, in fact, they had not. Plaintiffs moved pursuant to CPLR 3126 for an order striking defendants' answer or, alternatively,

deeming resolved in plaintiffs' favor those areas of inquiry raised at the deposition.

By order entered November 18, 1999, the court denied plaintiffs' motion and determined, *sua sponte*, that plaintiffs were not entitled to conduct a further deposition of that witness. Defendants failed to appeal from the May 1999 order permitting plaintiffs to depose that witness, however, and thus the order constituted the law of the case, i.e., it was final and binding on the issue whether the witness could be deposed (*see, Kimmel v State of New York*, 261 AD2d 843, 844-845; *Smyczynski v Genesis Mktg. Group*, 185 AD2d 658, *lv denied* 81 NY2d 702). The court should have therefore granted plaintiffs' motion unless defendants complied with the May 1999 order permitting plaintiffs to depose the witness. The court did not abuse its discretion in refusing to award plaintiffs costs and sanctions.

We thus modify the order by granting plaintiffs' motion and striking the answer unless defendants, within 30 days of service of a copy of the order of this Court with notice of entry, comply with the order entered May 4, 1999. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Discovery.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.