OPINION OF THE COURT
Martin E. Ritholtz, J.
What are the obligations of counsel appearing at a compliance conference? In the opinion of this court, had counsel complied with the clear and unambiguous rules of this part, which have been in effect and published since February 2001, the instant motion would have been avoided, and unnecessary motion practice would have been forestalled.
Background
This action, which was commenced with the filing of a summons and complaint on August 31, 2005, seeks to recover damages for the conscious pain and suffering and wrongful death sustained by plaintiffs decedent, Treebown Bansi, a 38-year-old man, survived by a wife and two infant children, as a result of defendants’ alleged medical malpractice. Issue was joined with service of an answer by defendant Ion Oltean, M.D. (hereinafter, defendant Dr. Oltean) on September 27, 2005, and by defendants Flushing Hospital Medical Center, Giriskaumar Son-pal, M.D. and Farida Chaudhri, M.D. on September 19, 2005 and September 30, 2005, respectively.
A request for judicial intervention (RJI) was filed on March 3, 2006 by plaintiff, along with an order to show cause, seeking substitution of attorneys, which was later withdrawn, but which triggered a preliminary conference, originally scheduled for March 22, 2006 and adjourned to June 14, 2006. The defendants defaulted, and plaintiffs counsel completed an ex parte preliminary conference order, which was “so ordered” by Honorable Arnold N. Price on June 16, 2006. There was no directive regarding a bill of particulars in said order.
*217 It appears that plaintiffs counsel was willing to accommodate defense counsel, and a fully executed stipulation to vacate the preliminary conference order was presented to Justice Price, who rejected it, and insisted on a formal motion to vacate said order. Defendants moved for the aforementioned relief, and plaintiff cross-moved for an extension of time to file a notice of medical malpractice in August of 2006, and the motions were adjourned to September 5, 2006, and fully submitted on September 12, 2006. Although it appears that counsel for defendant Dr. Oltean had attended the original preliminary conference on March 22, 2006, and acknowledged the adjourned date of June 14, 2006, it is nevertheless alleged in the affidavit in support of the instant motion before this court that defense counsel “did not have it on their respective office calendars, and were not notified of the appearance by plaintiffs office.”
In an order dated September 12, 2006, Honorable Arnold N. Price partially vacated the preliminary conference order of June 14, 2006, but kept in place paragraph No. 12 of said order which provided for a compliance conference to be held on September 18, 2006. Justice Price granted plaintiff leave to file a late notice of medical malpractice and further provided, inter alia, that “[a] 11 outstanding notices and demands, including the Bill of Particulars, shall be complied within 15 days from the date hereof.”
All parties attended the compliance conference on September 18, 2006, and indicated on the court’s worksheet that other than a preliminary conference order there were “no existing orders for disclosure.” Based on the representation of defense counsel, the referee included the following provision in the proposed compliance conference order, which was “so ordered” by this court: “Plaintiff to serve a Bill of Particulars responsive to each defendant’s Demand within 30 days. If Plaintiff fails to comply, Plaintiff shall be precluded from offering evidence as to all matters addressed by the Demand.” No reference whatsoever was made to Justice Price’s order, which had afforded plaintiff an opportunity to serve the demanded bills of particulars until September 27, 2006, and in a decision based on a fully submitted motion, had not included therein a conditional preclusion provision.
The Instant Motions
It appears that plaintiff served her bills of particulars on October 30, 2006, which was 12 days after the deadline set forth *218 in this court’s compliance conference conditional preclusion order. As is the policy of this court, pursuant to 22 NYCRR 202.7 (a) and 202.12 (j), a conference was held to deal with the alleged default, but the defendants remained adamant in their demand to make motions to dismiss plaintiffs complaint based on her default. It is noteworthy that at that conference the court was still unaware of Justice Price’s preexisting order, and no copy of said order had ever been presented for the court’s perusal. A strict motion schedule was set, and the instant motions were fully submitted on December 18, 2006.
The defendants, in two separate motions, demanded dismissal of plaintiffs complaint pursuant to CPLR 3126, alleging that this court’s conditional order of preclusion became absolute. In their papers they contended that plaintiff displayed a pattern of “repeated neglect,” and a “continued course of willful and contumacious disregard for Court Orders and procedures as this case moved from the I.A.S. Part to the Compliance Part.” The plaintiff opposed the motions arguing that the 12-day delay in serving the bills of particulars was de minimis, that there was a reasonable excuse for the default which was not willful, that there was no prejudice, and that the medical expert’s affirmation, annexed to the opposition papers, clearly established plaintiffs meritorious claims of medical malpractice.
Hearing
Upon review of defendants’ motion papers, the court learned for the first time of the previous motion practice before Justice Price, and was able to read his order of September 12, 2006. Under these circumstances, the court initiated a hearing to determine what had transpired at the compliance conference, and specifically what justification was there for this court to have ignored an unexpired order of a justice of coordinate jurisdiction, especially when nothing had changed since the issuance of said order. At the hearing, defense counsel were equivocal, at best. At first they contended that they had addressed me personally, then they recanted and alleged that they orally informed the referee of the history of this case. However, they did not reference Justice Price’s order on the court’s worksheet, and eventually conceded that they never presented a written copy of said order to the referee. At the hearing, the referee explained the part’s policy of inserting in a compliance conference order a conditional preclusion provision when a bill of particulars has not been served, only when a preexisting preliminary confer *219 ence or other discovery order had been issued, and had been disregarded over a period of time. He further commented that, if he had been made aware of a preexisting order which had not expired, impacting on the compliance conference order, he would have specifically referenced it in said compliance conference order. The referee emphasized that this part would not insert a conditional preclusion order when another judge’s recently issued order still in effect had specifically refrained from doing so. Finally the referee had no specific recollection of the circumstances which had led him to write in the compliance conference order, the subject conditional preclusion provision.
Ruling
At the end of the hearing, the court ruled that the conditional preclusion provision set forth on page 2 of the compliance conference order of September 18, 2006 should be rescinded, since Justice Price’s order of September 12, 2006 had not yet expired, and had said order been presented to the court, there would be no basis for the insertion of a conditional preclusion provision.
Law of the Case and Case Management It would appear, at first, that this ruling was based on the doctrine of “law of the case,” which, in essence, is that “a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction” (see Matter of Dondi v Jones, 40 NY2d 8, 15 [1976]), or, in other words, “a Justice should not modify or overrule an order of a fellow Justice of coordinate jurisdiction” (see Vaseghi v Vaseghi, 114 AD2d 501, 501 [1985]; see also, Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Nong Yaw Trakansook v 39 Wood Realty Corp., 18 AD3d 633 [2005]; Post v Post, 141 AD2d 518 [1988]; Glover Bottled Gas Corp. v Local 282, IBT, 89 AD2d 1007 [1982]; Solomon v Reich, 84 AD2d 812 [1981]). This doctrine is designed to eliminate the inefficiency and disorder that would follow if courts or judges of coordinate jurisdiction were free to overrule one another in an ongoing case (see, People v Evans, 94 NY2d 499, 504 [2000]; see also, 1 Carmody-Wait 2d, NY Prac § 2:297; 28 NY Jur 2d, Courts and Judges § 236). Nevertheless, it has also been held that “[t]he doctrine of law of the case does not apply to rulings, such as case management decisions, which are based on the discretion of the court” (Latture v Smith, 304 AD2d 534, 535 [2003]; see also, Kswani v Lutheran Med. Ctr., 27 *220 AD3d 424 [2006]; Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510 [2005]; Kennedy v Children’s Hosp. of Buffalo, 303 AD2d 937 [2003]; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764 [2002]). Unfortunately, there is an ambiguity as to which orders constitute “case management decisions,” and there are a plethora of decisions that may be perceived as in the nature of case management, yet applied the law of the case doctrine (see e.g., Grossman v Team Care Home Care Agency, Inc., 14 AD3d 652 [2005]; Velasquez v C.F.T., Inc., 267 AD2d 229 [1999]; Post v Post, 141 AD2d 517 [1988]; Bonavita v Crudo, 124 AD2d 619 [1986]; see also, Andrea v du Pont de Nemours & Co., 289 AD2d 1039 [2001]; Parkhill v Cleary, 277 AD2d 963 [2000]; Kimmel v State of New York, 261 AD2d 843 [1999]; Belcher Co. of NY. v City of New York, 157 AD2d 585 [1990]).
Based on the above, although this court may have had the authority at a compliance conference to overrule Justice Price’s order of September 12, 2006, it was never the intention of this court to do so, especially when only six days passed since the issuance of said order, and nothing had changed.
Duties of Counsel under Differentiated Case Management
Although defense counsel persisted in this unnecessary motion practice, seeking severe CPLR 3126 sanctions against plaintiff, they never offered a reasonable excuse as to their own default in not appearing at a scheduled preliminary conference, except for the admission that they “did not have it on their respective office calendars,” which at best, would constitute “law office failure.” Although “Differentiated Case Management” has been in effect since April 30, 1999, it appears that there are members of the bar who are unaware of the mandate of 22 NYCRR 202.19 (b) (1), which provides that “a preliminary conference shall be ordered by the court to be held within 45 days after the request for judicial intervention is filed.” The practice in Queens Supreme Court is that a preliminary conference will automatically be scheduled initially within 21 days of the filing of the RJI, and if not held on that date will be adjourned one time, and if counsel fails to appear on the adjourned date, an ex parte order will ensue. Since it is not the practice of Queens Supreme Court to notify the parties of the scheduled preliminary conference dates, it is the obligation of counsel, when an RJI is filed, to check with the court calendars, via E-Courts (www.nycourts.gov), the New York Law Journal, E-Law or calendar service, to ascertain said scheduled *221 dates. All too often, counsel complain that they were not notified by the court. One purpose of this decision is to put all counsel on notice that it is their burden, not the court’s, to ascertain scheduled conference dates, especially if an RJI has been filed.
It is the firm opinion of this court that the instant motion practice would have been avoided if counsel had been familiar with the rules of this part which have been published and in effect since February 5, 2001 (see, New York Law Journal Web site, Compliance, Settlement and Conference Part, Justice Martin E. Ritholtz, <http://www.law.com/servlet/pdfWrapper/ thePDF.pdf?sel=rules_qu_ritholtz> [amended Feb. 23, 2006], cached at <http://www.courts.state.ny.us/reporter/webdocs/ compliance_settlement_part.pdf>). Again, all too often, there are members of the bar who fail to familiarize themselves with the rules of the various parts. In the rules of this compliance, settlement and conference part, it clearly states: “Counsel appearing for the Conference MUST bring the Bill of Particulars and all the previous orders in the case, including the Preliminary Conference Order.” Had counsel adhered to this rule, the court would have seen Justice Price’s order of September 12, 2006, and the inordinate waste of time spent on the instant motions would have been obviated.
Finally, regarding the duties of counsel, if the court is expected to “make such orders ... as are just” (see, CPLR 3126; Kihl v Pfeffer, 94 NY2d 118, 123 [1999]; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765 [2002], supra), it is incumbent on all counsel to accurately inform the court of the history of the case, including the fact that defendants had defaulted in appearing at a preliminary conference, and that plaintiff had not violated any existing order, when defendants had requested of the court to impose a conditional preclusion provision. As officers of the court, counsel had an affirmative obligation to advise the court of authorities adverse to their position, and not to misrepresent or distort the facts, by alleging that plaintiff displayed a pattern of “repeated neglect,” and a “continued course of willful and contumacious disregard for Court Orders and procedures as this case moved from the I.A.S. Part to the Compliance Part.” Such was surely not the case in the instant matter, and merely citing a surfeit of cases on “repeated neglect” does not create the situation (see, Matter of La Cucina Mary Ann, Inc. v State Liq. Auth., 150 AD2d 450 [1989]; Code of Professional Responsibility DR 7-102 [22 NYCRR 1200.33]; EC 7-23).
*222 Conclusion
As obiter dictum, the court further finds that even if the conditional preclusion order of September 18, 2006 had not been rescinded as set forth herein, dismissal of plaintiff’s complaint would not have been warranted. In light of the strong public policy in favor of resolving cases on the merits, the apparent merit to the action, the plaintiffs lack of intent to abandon the action, the reasonable excuse for the short delay, the lack of prejudice to the defendants caused by said delay, and the lack of evidence that the default was intentional or part of a pattern of default or neglect by the plaintiff, there would have been no basis for dismissal pursuant to CPLR 3126 (see, Goldsmith Motors Corp. v Chemical Bank, 300 AD2d 440 [2002]; Halikiopoulos v New York Hosp. Med. Ctr. of Queens, 284 AD2d 373 [2001]; see also, Hageman v Home Depot U.S.A., Inc., 25 AD3d 760 [2006]; Hyde Park Motor Co., Inc. v Sucato, 24 AD3d 724 [2005]; Marks v Vigo, 303 AD2d 306 [2003]). This is especially true, given the fact that the subject 12-day delay was relatively short (see, Cherry v New York City Hous. Auth., 183 AD2d 693 [1992]; Darrell v Yurchuk, 174 AD2d 557 [1991]; Vanek v Mercy Hosp., 162 AD2d 680 [1990]; Gutenplan v Dauman, 154 AD2d 337 [1989]; Higgins v Community Hosp. at Glen Cove, 135 AD2d 607 [1987]; see also, Sabatello v Frescatore, 200 AD2d 939 [1994]; Bossone v General Elec. Co., 185 AD2d 504 [1992]).
For all the reasons mentioned above, the court denies defendants’ motions to dismiss plaintiffs complaint.