■ ELEANOR JESSMER et al., Respondents, v RYNE R. MARTIN et al., Appellants. [847 NYS2d 288]—

Rose, J. Appeals from an order and an amended order of the Supreme Court (Demarest, J.), entered February 8, 2007 and February 14, 2007 in St. Lawrence County, which denied defendants' motions to preclude certain evidence.

Plaintiffs commenced this action to recover damages for the personal injuries sustained by plaintiff Eleanor Jessmer in a motor vehicle accident. Approximately one month before the scheduled trial date and just as the testimony of Jessmer's treating physician was about to be videotaped for trial, plaintiffs served defendants with a previously undisclosed medical report. They also served a supplemental bill of particulars. In response, defendants rejected the supplemental bill and moved for an order precluding the deposition testimony on the grounds that plaintiffs had failed to promptly disclose the medical report in violation of 22 NYCRR 202.17 (g) and improperly alleged new injuries in the supplemental bill in violation of CPLR 3043 (b). After postponing the trial, Supreme Court found that plaintiffs' disclosures had been untimely but, in view of the postponement, denied defendants' motions. The court, however, did

require plaintiffs to reimburse the costs incurred by defendants if an additional independent medical examination or further deposition of Jessmer's treating physician became necessary. Defendants appeal.

Inasmuch as a trial court has broad discretion in supervising the discovery process, its determinations will not be disturbed absent a clear abuse of that discretion (*see Davis v Eddy Cohoes Rehabilitation Ctr.*, 307 AD2d 637, 637 [2003]; *United Airlines v Ogden N.Y. Servs.*, 305 AD2d 239, 240 [2003]; *see also* CPLR 2004, 3126). Since the trial was adjourned without objection by defendants and they were afforded ample opportunity to conduct further discovery at plaintiffs' expense, we cannot agree that Supreme Court abused its discretion in deciding to excuse the untimeliness of plaintiffs' disclosures. Clearly, the regulations do not compel the court to preclude the medical report where, as in this case, there was no prejudice to defendants and "an order to the contrary [was] made" (22 NYCRR 202.17 [h]). Similarly, as for the supplemental bill, if it alleged new injuries as defendants assert, then its untimeliness was also excusable given the postponement, the lack of any prejudice and the public policy favoring the resolution of cases on their merits (*see Bossone v General Elec. Co.*, 185 AD2d 504, 505 [1992]; *Trivino v Jamesway Corp.*, 148 AD2d 851, 854 [1989]; *Caggiano v Ross*, 130 AD2d 538, 539 [1987]; *see also* CPLR 3025 [b]).

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order and amended order are affirmed, with costs.