JASMINE ZHENG et al., Appellants, v CITY OF NEW YORK et al., Respondents. SANCTUARY FOR FAMILIES and Others, Amici Curiae. [938 NYS2d 29]—

In this action for specific performance, and declaratory and injunctive relief, plaintiffs seek to bar termination of a rent subsidy program run by the NYC Department of Homeless Services even though federal and state funding was withdrawn effective April 2011. Plaintiffs argue that the various documents appertaining to the subsidy program (certification letters, participation agreements and lease riders) contractually obligate the City to continue the subsidies.

Plaintiffs moved for a preliminary injunction, obtaining a temporary restraining order pending a hearing. On May 2, 2011, the court denied the preliminary injunction. The court was unconvinced of plaintiffs' likelihood of success on the merits

because the language in the program documents was consistent with the City's position that the program was simply a social services program, so there was no showing that each party had an actual intent to be contractually bound.

On May 10, 2011, plaintiffs filed a notice of appeal, and on May 12, 2011 filed a motion with this Court seeking injunctive relief pending appeal of the denial of a preliminary injunction. On June 2, 2011, this Court granted plaintiffs' motion, ordering the City to continue making the subsidy payments to landlords.

On September 13, 2011, the trial court dismissed plaintiffs' complaint in its entirety, declaring that the City was not obligated contractually to continue making the payments. This Court is now obliged to dismiss plaintiffs' appeal since well-established precedent mandates that, once a final judgment is entered, the right to directly appeal from an interlocutory order terminates (*Matter of Aho*, 39 NY2d 241, 248 [1976]). In this case, the trial court's decision was entered by order and judgment on October 6, 2011.

Further, the preliminary injunction granted by this Court pending the appeal must be dissolved since the purpose of a preliminary injunction is to maintain the status quo while an action is pending (*see New York Auto. Ins. Plan v New York Schools Ins. Reciprocal*, 241 AD2d 313, 314 [1997]). Concur— Friedman, J.P., Catterson, Moskowitz and Abdus-Salaam, JJ.

Motion seeking to dismiss appeal and vacate stay granted. Motion seeking to consolidate appeals and continue stay denied. Motion seeking leave to file amicus curiae brief granted. **[Prior Case History: 2011 NY Slip Op 31120(U).]**