Peters, P.J.
Appeals (1) from an order of the Family Court of Broome County (Charnetsky, J.), entered October 19, 2011, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from two orders of said court, entered September 27, 2011 and February 16, 2012, which denied petitioner’s motions for sanctions and fees.
Fetitioner (hereinafter the father) commenced this proceeding seeking modification of a prior custody order. Respondent (hereinafter the mother) failed to respond to discovery demands served by the father, causing the father to eventually seek an order of preclusion and imposition of sanctions and counsel fees. Family Court denied the motion, but reserved the father’s right to seek such sanctions and fees at trial. Days before trial, the mother provided responses and the parties reached an agreement resolving the matter. Upon entry of the custody modification order, Family Court reserved decision on the father’s continuing motion for sanctions and fees. The court later denied the motion, and the father now appeals.
The father, through his brief, has specifically limited the issue on appeal to the denial of his motions for sanctions. “ ‘The authority to impose sanctions or costs is committed to the court’s sound discretion and, absent an abuse thereof, we will not disturb’ ” Family Court’s decision regarding such an application (De Ruzzio v De Ruzzio, 287 AD2d 896, 896 [2001], quoting McCue v McCue, 225 AD2d 975, 977 [1996]; see Jessmer v Martin, 46 AD3d 1059, 1060 [2007]). Here, the mother’s almost six-month delay in responding to the father’s discovery demands resulted in a trial adjournment. Furthermore, while the mother’s attorney apologized for the delay, she provided no explanation for it. Nonetheless, inasmuch as the record does not reflect that the mother was engaged in an evasive or misleading course of conduct or that her failure resulted in prejudice to the father, we cannot conclude that Family Court abused its discretion in declining to impose sanctions in this case (compare Matter of John H., 60 AD3d 1168, 1169-1170 [2009]; Matter of Beauregard v Millwood-Beauregard, 207 AD2d 633, 634 [1994]).*
Rose, Stein and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

 We are troubled, however, by the allegations that the Legal Aid Society of Mid-New York — the employer of the mother’s counsel — routinely and repeatedly fails to timely comply with discovery demands, and that the conduct of her counsel in this case is representative of a general pattern by that office. If *1322 these allegations are accurate, we urge the mother’s counsel to address those deficiencies, in order to avoid the possibility of sanctions in the future.