Lynch, J.
Appeal from an order of the Supreme Court (Hoye J.), entered October 25, 2013 in Fulton County, which, among other things, granted defendants’ motions for summary judgment dismissing the complaint.
In November 2007, plaintiff and defendant John Buchanan entered into a written agreement by which plaintiff agreed to loan Buchanan $10,000, which Buchanan agreed to repay, interest free, by December 31, 2008. The agreement also provided that Buchanan “grants to [plaintiff! the right to use the land listed above for the purpose of agriculture,” and lists seven separate parcels. There is no dispute that Buchanan repaid the loan in full on April 27, 2008, well in advance of the due date. An ongoing dispute continued as to whether plaintiff retained an easement to use the land after the loan had been repaid (see Kampfer v Buchanan, 2011 WL 691647, 2011 US Dist LEXIS 16586 [ND NY, Feb. 18, 2011, No. 1:10-CV-1234]). In 2013, Buchanan conveyed the property to defendants Jacob DaCorsi and Brittany DaCorsi. After the DaCorsis commenced a proceeding to remove plaintiff from the property, plaintiff commenced this action for breach of contract against Buchanan and for defamation against the DaCorsis. Defendants answered and interposed counterclaims against plaintiff for damages. Plaintiff, in turn, moved for an order requiring defendants to post a surety bond in the amount of $20,000. Defendants then moved for, among other things, summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment. Supreme Court, among other things, denied plaintiffs motion for a bond and granted defendants’ motions and dismissed the complaint and all counterclaims and cross claims. The court imposed sanctions against plaintiff in the amount of $5,000 payable to Buchanan and $5,000 payable to the DaCorsis. Plaintiff now appeals.
Acknowledging that the loan was repaid, plaintiff maintains that the agreement conveyed to him a continuing easement to *1068 utilize the property for agricultural purposes. We disagree. We recognize that “ ‘it is often difficult to distinguish between an easement, which is an interest in real property, and a mere license, which implies no such interest, ... is personal to the holder, is not assignable and is of limited duration’ ” (Henry v Malen, 263 AD2d 698, 702 [1999], quoting Simmons v Abbondandolo, 184 AD2d 878, 879 [1992]; see Loch Sheldrake Assoc. v Evans, 306 NY 297, 304 [1954]; State of New York v Johnson, 45 AD3d 1016, 1018 [2007]; Webster v Ragona, 7 AD3d 850, 852, 853 n 1 [2004]).* “ ‘To create an easement by express grant there must be a writing containing plain and direct language evincing the grantor’s intent to create a right in the nature of an easement rather than a revocable license’ ” (State of New York v Johnson, 45 AD3d at 1018, quoting Willow Tex v Dimacopoulos, 68 NY2d 963, 965 [1986]). Aside from the word “grant,” the agreement does not use language typically utilized to convey an interest in land, such as “convey” and “forever” (compare Henry v Malen, 263 AD2d at 703; Clements v Schultz, 200 AD2d 11, 13 [1994]). Moreover, the agreement expressly speaks to a loan and includes a clause purporting to authorize plaintiff to foreclose upon the property for nonpayment. Where, as here, there is no express time limitation for the right to use the property, that right should be deemed a license, and not an easement (see Willow Tex v Dimacopoulos, 68 NY2d at 965), particularly given that plaintiff drafted the agreement (see 22 NY Jur 2d, Contracts § 257). Both the language of the agreement and the loan context lead us to conclude, as did Supreme Court, that Buchanan merely conferred a license upon plaintiff to use the property pending repayment.
Since the complaint speaks to a breach of contract based only on Buchanan’s asserted failure to cooperate in recording the agreement in December 2007, for which Buchanan was under no obligation, we find that Supreme Court properly dismissed this cause of action against Buchanan. As the license expired in 2008, the DaCorsis were entitled to commence proceedings to remove plaintiff from the property and, as such, the defamation claim against them was also properly dismissed. Given the nuances of the agreement, however, we cannot say that plaintiff engaged in such frivolous conduct as to warrant financial sanctions (compare He v Realty USA, 121 AD3d 1336, 1340-1341 [2014]). As such, we find that Supreme Court abused its discretion in awarding sanctions.
*1069 Lahtinen, J.P., and Egan Jr., J., concur.

 The two broad easement categories are (1) easements appurtenant, which provide an interest in the land, and (2) a license or easement in gross, which provides a personal right of use only (see Henry v Malen, 263 AD2d at 703 n 3).