*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    519330
_____

NOVA INFORMATION SYSTEMS, INC.,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

RONALD J. SCHEIDELMAN,
                    Appellant.
_____

Calendar Date:  April 27, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                    _____


        Ronald J. Scheidelman, Oxford, appellant pro se.

        McNamee, Lochner, Titus & Williams, PC, Albany (Francis J.
Smith of counsel), for respondent.


                    _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Dowd, J.),
entered September 11, 2013 in Chenango County, which, among other
things, denied defendant's motion for sanctions and punitive
damages.

        Plaintiff, a credit card processing company, commenced this
action in May 2007 seeking to recover funds from defendant.
Plaintiff's causes of action were premised upon the terms of a
written agreement regarding credit card processing services
between Searchline, Inc. — of which defendant was president — and
Quad City Bancard.  In April 2008, plaintiff moved for summary
judgment, which motion Supreme Court denied.  No further action
was taken by either party with respect to the action until April
2013, when Supreme Court held a settlement conference at which
plaintiff failed to appear.  Defendant then moved for summary

judgment dismissing the complaint and also sought sanctions and punitive damages. Together with its papers in opposition to said motion, plaintiff submitted a notice to the court that it would discontinue the action. Finding that a discontinuance would render defendant's motion for summary judgment moot, the court dismissed the action and further denied defendant's requests for sanctions and punitive damages. Defendant now appeals, arguing that the court erred in denying him sanctions and punitive damages. We disagree.

Absent an abuse of discretion, this Court will not disturb a trial court's determination of a request for sanctions (see Kampfer v DaCorsi, 126 AD3d 1067, 1068 [2015]; Matter of Decker v Davidson, 107 AD3d 1320, 1321 [2013]; De Ruzzio v De Ruzzio, 287 AD2d 896, 896 [2001]). Defendant's motion alleged that plaintiff's conduct was frivolous because neither plaintiff nor defendant were parties to the written agreement upon which plaintiff's complaint was based. The written agreement establishes that the parties to that contract were Quad City Bancard and Searchline, on behalf of which defendant signed as president and also personally guaranteed. However, in opposition to defendant's request for sanctions, plaintiff submitted a separate agreement that established that it had acquired Quad City Bancard's accounts. Further, an affidavit by plaintiff's former counsel established that he chose to only name defendant individually after searching the records of the Secretary of State, Division of Corporations, and finding that such search did not reveal any active or inactive business known as Searchline, Inc. Given this evidence, we cannot conclude that plaintiff's contract causes of action could not be "supported by a reasonable argument" as would be necessary to find frivolous conduct that would support the imposition of sanctions (22 NYCRR 130-1.1 [a], [c] [1]; see Kampfer v DaCorsi, 126 AD3d at 1068). Accordingly, the court did not abuse its discretion in denying defendant sanctions.

Further, defendant was not entitled to punitive damages. Defendant did not make any counterclaims against plaintiff, and a "request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616

[1994]; see generally Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 102 AD3d 1033, 1037 [2013]; Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 618 [2012]).  Therefore, Supreme Court properly denied defendant's request for punitive damages.

Defendant's remaining contentions are either unpreserved or without merit.

Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court