**Hernandez v Samouha**

2024 NY Slip Op 31360(U)

April 17, 2024

Supreme Court, New York County

Docket Number: Index No. 153558/2018

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**                    PART                **56M**

*Justice*

-------------------------------------------------------------------X    INDEX NO.        153558/2018

DOMINGO A. HERNANDEZ,                                         MOTION DATE        04/12/2024

Plaintiff,               MOTION SEQ. NO.        003

- v -

MOSHE SAMOUHA,                                              **DECISION + ORDER ON
                                                              MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 82, 86, 87, 88, 89, 90, 91

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

This is an action to recover damages for personal injuries, arising from a slip-and-fall accident in front of a Manhattan apartment building (the building) that had been owned by the defendant on the date of the accident. The plaintiff moves for a post-judgment injunction restraining the defendant from selling or encumbering that building. The defendant opposes the motion. The motion is deemed to be one pursuant to CPLR 5203(a) and 5222 for judicial recognition that the defendant is prohibited from selling or encumbering that building, and the motion is thereupon granted.

On March 21, 2023, the matter was called for trial before Justice James d'Auguste, but the defendant failed to appear. On March 23, 2023, Justice d'Auguste, in effect, struck the defendant's answer pursuant to 22 NYCRR 202.27, and directed the entry of a default judgment against him on the issue of liability. On March 24, 2023, this court conducted an inquest on the issue of damages. In a decision and order after inquest dated September 25, 2023, this court determined that the plaintiff was entitled to recover the principal sum of $450,000 from the defendant, plus statutory prejudgment interest at the rate of 9% per annum, from March 24,

[* 1]

2023. On November 8, 2023, the Clerk of the court entered judgment in favor of the plaintiff and against the defendant in the total sum of $476,748.47.

The plaintiff now seeks to restrain the defendants from selling, transferring, or encumbering the building so that it may be levied upon and sold to satisfy the judgment. The plaintiff styles his motion as one for a preliminary injunction. The purpose of a preliminary injunction, however, "is to maintain the status quo while an action is pending" (*Zheng v City of New York*, 92 AD3d 412, 413 [1st Dept 2012]). An action remains "pending" until there is a final judgment entered in the action, either awarding relief to the plaintiff or dismissing the complaint (*see* CPLR 5011; *Cooke-Garrett v Hoque*, 109 AD3d 457, 457 [2d Dept 2013]; *see also State of New York Mtge. Agency v Braun*, 182 AD3d 63. 68-69 [2d Dept 2020]; *US Bank Natl. Assn. v Saintus*, 153 AD3d 1380, 1382 [2d Dept 2017]; *Knapek v MV Southwest Cape*, 110 AD2d 928, 929 [3d Dept 1985]). The defendant correctly argues that, inasmuch as a final judgment has been entered in favor of the plaintiff here, the action is no longer pending, and relief in the nature of a preliminary injunction is no longer available.

Nonetheless, CPLR 5203(a) provides, with certain exceptions not pertinent here, that,

> "[n]o transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after the filing of the judgment-roll, or from the time of the filing with such clerk of a notice of levy pursuant to an execution until the execution is returned"

Thus, "a judgment, once docketed, becomes a lien on the real property of the judgment debtor in the county of docketing" (*see Cadle Co. v Calcador*, 85 AD3d 700, 702 [2d Dept 2011]; *Matter of Accounts Retrievable Sys., LLC v Conway*, 83 AD3d 1052, 1053 [2d Dept 2011]; *Soressi y SWF, L.P.*, 81 AD3d 1143 [3d Dept 2011]). Additionally, CPLR 5222(a) provides, in relevant part, that "[a] restraining notice may be issued by the clerk of the court or the attorney for the judgment creditor as officer of the court." CPLR 5222(b) provides that, with certain exceptions not applicable here, "[a] judgment debtor or obligor served with a restraining notice is forbidden

153558/2018   HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No.  003

Page 2 of 5

INDEX NO. 153558/2018

RECEIVED NYSCEF: 04/18/2024

to make or suffer any sale, assignment, transfer or interference with *any property* in which he or she has an interest . . . until the judgment or order is satisfied or vacated" (emphasis added). While service of a restraining notice served pursuant to CPLR 5222 does not create a lien on real property (*see Freedman v Hason*, 2016 NY Slip Op 32611[U], *4, 2016 NY Misc LEXIS 4877, *6 [Sup Ct, Nassau County, Apr. 11, 2016]), "the restraining notice serves as an injunction prohibiting the transfer of the judgment debtor's property" (*Distressed Holdings, LLC v Ehrler*, 113 AD3d 111, 116 [2d Dept 2013]).

Thus, the plaintiff is statutorily entitled to a restraint on the sale or transfer of the defendant's real property until the judgment is satisfied, either by operation of CPLR 5203(a), by service of a restraining notice upon the defendant pursuant to CPLR 5222(a), or by judicial recognition of the restraint that is memorialized in an order. The only question thus is whether the defendant currently is the true "owner" of the building. The court concludes that, for purposes of restraining the sale or transfer of the building, and levying thereon, the defendant is indeed the legal owner.

The plaintiff alleged that he slipped and fell in front of the subject building on January 6, 2018, and he commenced this action on April 18, 2018. As of both of those dates, the defendant owned the building. On March 9, 2020, the defendant's attorney, Mark Krasner, in response to the plaintiff's demand pursuant to CPLR 3101(f), informed the plaintiff that the defendant did not have "any insurance policies under which any insurance company may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment." In an order dated November 18, 2020, the court (d'Auguste, J.) granted Krasner's motion to be relieved as counsel. On December 27, 2020, and, thus, while this action was pending, and after the defendant's attorney was relieved of the obligation of representing him, the defendant transferred title of the subject real property to his solely owned limited liability company, 1985 Amsterdam, LLC, for no consideration whatsoever, despite the fact that the building had an assessed value of $1,565,000.

[* 3]

The current version of Debtor and Creditor Law § 273(a), enacted pursuant to L 2019, ch 580, § 2, effective April 4, 2020, provides that,

"[a] transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

"(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or

"(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

*****

"(ii) . . . believed or reasonably should have believed that the debtor would incur [ ] debts beyond the debtor's ability to pay as they became due."

This section replaced, among other things, former Debtor and Creditor Law § 273-a which was repealed pursuant to L 2019, ch 580, § 2, effective April 4, 2020, and had provided, in relevant part, that,

"[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages . . . is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

Inasmuch as the defendant effectuated the conveyance of the building to his solely owned limited liability company subsequent to the repeal of Debtor and Creditor Law § 273-a, that provision is inapplicable, and the new version of Debtor and Creditor Law § 273 applies to this dispute. Nonetheless, the plaintiff demonstrated that his claim arose prior to the transfer, that the defendant's transfer of the building to his limited liability company was clearly effectuated without fair consideration, and that the defendant "believed or reasonably should have believed" that he would incur "debts beyond" his "ability to pay as they became due," specifically, that he would become subject to a judgment debt in this action.

Hence, the conveyance is voidable by the plaintiff, even if the plaintiff cannot demonstrate that the defendant "intended" the transfer to hinder or delay the plaintiff's ability to collect any money judgment against the defendant. The defendant thus is deemed to own the

153558/2018 HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No. 003

Page 4 of 5

building for the purposes of restraining its further transfer or sale, and for the purpose of compelling a sale of the building to satisfy the judgment entered against him in this action. The court concludes that, by making the instant motion, the plaintiff has elected to void the transfer.

In light of the foregoing, it is,

ORDERED that the plaintiff's motion is deemed to be a motion pursuant to CPLR 5203(a) and 5222 for judicial recognition that the defendant, both individually, and as the sole member of 1985 Amsterdam, LLC, is prohibited from selling, transferring, or encumbering the real property and building located at 1985 Amsterdam Avenue, New York, New York, the motion is thereupon granted, and the defendant, both individually, and as the sole member of 1985 Amsterdam, LLC, be, and hereby is, prohibited from selling, transferring, or encumbering the real property and building located at 1985 Amsterdam Avenue, New York, New York, pending further order of the court.

This constitutes the Decision and Order of the court.

_____4/17/2024_____
DATE

_____
JOHN J. KELLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153558/2018  HERNANDEZ, DOMINGO A. vs. SAMOUHA, MOSHE
Motion No.  003

Page 5 of 5