■ PAOLA VISTA CLOTHING, LTD., Respondent, v V.R.P. CALZATURIFICIO S.P.A., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Burstein, J.), dated March 21, 1988, which, upon an order of the same court, dated March 16, 1988, which (1) denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of jurisdiction, and (2) granted the plaintiff's cross motion for a default judgment, is in favor of the plaintiff and against it in the principal amount of $77,000. The defendant's notice of appeal from the order is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the motion to dismiss the complaint is granted and the cross motion is denied.

The instant action has its genesis in a contract for the sale of 2,160 pairs of imported women's shoes. The plaintiff in this action, Paola Vista Clothing, Ltd. (hereinafter Paola Vista), is a New York corporation engaged in the business of importing, wholesaling and retailing shoes and clothing. The defendant, V.R.P. Calzaturificio S.P.A. (hereinafter VRP), is a corporation organized and existing under the laws of the Republic of Italy, apparently engaged in the manufacturing and sale of shoes. The contract entered into by the parties on or about November 1, 1985 has given rise to both this action and a prior action commenced by VRP against Paola Vista which resulted in a default judgment entered against Paola Vista on September 15, 1986. After the entry of judgment in that action, Paola Vista moved to vacate the default. In an order entered October 31, 1986, the Supreme Court, Nassau County (Collins, J.), denied the motion. Paola Vista moved for reargument and that motion was also denied in an order entered March 27, 1987.

On or about April 20, 1987, Paola Vista commenced the instant action against VRP, seeking damages for breach of the November 1985 contract. Service of the summons and complaint was made upon the law firm which represented VRP in the prior action against Paola Vista. By letter dated May 14, 1987, the law firm notified Paola Vista that service upon it, as an agent of VRP, was improper and did not constitute a basis for jurisdiction over the defendant. Meanwhile, VRP, through its attorneys, on April 29, 1987, had begun to execute upon the judgment against Paola Vista. VRP did not, however, serve an answer to the complaint in this action and on March 21, 1987, a default judgment was entered against it.

On or about November 9, 1987, VRP moved, *inter alia,* pursuant to CPLR 3211 (a) (8), to dismiss the complaint for lack of personal jurisdiction. Paola Vista opposed the motion and cross-moved for an order directing the entry of a judgment in the principal sum of $77,000.

In a decision dated March 11, 1988, the Supreme Court denied that branch of the defendant's motion seeking dismissal of the complaint, concluding in relevant part that jurisdiction had been conferred over VRP pursuant to CPLR 303 by virtue of service of the summons and complaint upon its attorneys while the other action was still pending. The

court reasoned that an attorney's power to represent a party, unless otherwise agreed upon, extended through entry of judgment and the issuance of an execution thereupon. The court further granted Paola Vista's cross motion for a judgment in the principal sum of $77,000 as demanded in its complaint. On March 16, 1988, an order was entered in accordance with the court's decision.

Based upon our review of the record we hold that contrary to the conclusion of the Supreme Court, the action against Paola Vista was not pending at the time VRP's attorneys were served with the summons and complaint in the instant action. Hence, Paola Vista did not acquire personal jurisdiction over VRP and the complaint must be dismissed.

CPLR 303, entitled: "Designation of attorney as agent for service" states: "The commencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action or of the clerk of the court if no attorney appears, as agent, *during the pendency* of the action, for service of a summons pursuant to section 308, *in any separate action in which* such a person is a *defendant* and another party to the action is a plaintiff if such separate action would have been permitted as a *counterclaim* had the *action been brought in the supreme court"* (emphasis supplied).

As a rule, an action is deemed pending until such time as a judgment is entered therein *(see, Towley v King Arthur Rings,* 40 NY2d 129, 132; *Knapek v MV Southwest Cape,* 110 AD2d 928, 929). For purposes of CPLR 303, this rule seems to be appropriate as opposed to a rule basing finality of an action upon both entry of judgment and execution upon it since an execution can be issued at any time during the 20-year period of a judgment's validity *(see,* CPLR 211 [b]; Siegel, NY Prac § 494).

Consequently, the action against Paola Vista was no longer pending after the judgment was entered on September 15, 1986. Even assuming, arguendo, that the initial action continued to be pending until the entry of the order on March 27, 1987, denying reargument of the motion by Paola Vista to vacate the default judgment, the action was final at that point and also on April 28, 1987, when the attorneys for VRP were served with the summons and complaint. Thus, in the absence of personal jurisdiction, the action against VRP must be dismissed.

In light of the foregoing determination we need not reach

the remaining contentions raised by VRP on appeal. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.