In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated August 13, 2012, which denied, as untimely, her motion pursuant to CPLR 306-b for leave to enlarge the time to serve copies of the summons and complaint upon the defendant.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination of the motion on the merits.
On March 30, 2012, the Supreme Court issued an order granting the defendant’s motion to vacate his default in appearing and answering the complaint on the ground of lack of personal jurisdiction. However, no judgment dismissing the complaint on the ground of lack of personal jurisdiction was entered. The plaintiff subsequently moved to extend her time to serve the defendant with process in the action. In an order dated August 13, 2012, the court denied the plaintiffs motion on the ground that its prior order had dismissed the action and, thus, there was no pending action in which to grant an extension of time for service of process (see Henneberry v Borstein, 91 AD3d 493, 494-495 [2012]; Walker v Chaman, 31 AD3d 751, 751 [2006]; Matter of Rodamis v Cretan’s Assn. Omonoia, Inc., 22 AD3d 859, 860 [2005]). On her appeal from the August 13, 2012, order, the plaintiff contends that, inasmuch as there was no judgment dismissing the action, the action was pending when she moved to extend the time to serve the defendant with process. We agree. An action is deemed pending until there is a final judgment (see CPLR 5011; Paola Vista Clothing v V.R.P. Calzaturificio, 148 AD2d 593, 595 [1989]; Knapek v MV Southwest Cape, 110 AD2d 928, 929 [1985]; see generally Siegel, NY Prac § 409 [5th ed]). Consequently, the order appealed from must be reversed, and we remit the matter to the Supreme Court, Queens County, for a determination of the plaintiff’s motion on the merits. Eng, PJ., Balkin, Roman and Miller, JJ., concur.