In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Queens County (Kerrigan, J.), entered February 22, 2012, which, inter alia, denied that branch of her motion which was pursuant to CPLR 306-b for leave to extend the time to serve copies of the amended summons and complaint upon a representative of the estate of the decedent James E. Mitchell.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff’s motion which was pursuant to CPLR 306-b for leave to extend the time to serve copies of the amended summons and complaint upon a representative of the estate of the decedent James E. Mitchell, and substituting therefor a provision granting that branch of the motion; as so *984 modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiffs time to serve copies of the amended summons and complaint upon a representative of the estate of the decedent James E. Mitchell is extended until 120 days after the date of this decision and order.
The Supreme Court denied that branch of the plaintiffs motion which was pursuant to CPLR 306-b for leave to extend the time to serve copies of the amended summons and complaint upon a representative of the estate of the decedent James E. Mitchell, who had been named as a defendant in this action. Under the circumstances of this case, that branch of the plaintiffs motion should have been granted.
“An action is commenced by filing a summons and complaint” (CPLR 304 [a]). “Service of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action” (CPLR 306-b). “If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service” (CPLR 306-b). In deciding whether to grant an extension of time to serve copies of a summons and complaint in the interest of justice, “the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiffs request for the extension of time, and prejudice to defendant” (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; see Moundrakis v Dellis, 96 AD3d 1026, 1027 [2012]; DiBuono v Abbey, LLC, 71 AD3d 720, 720 [2010]).
Here, the plaintiff demonstrated that the branch of her motion which was pursuant to CPLR 306-b should have been granted in the interest of justice. The plaintiff attempted service during the statutory 120-day period, but that service was defective due to Mitchell’s death. The record also reflects that the statute of limitations has expired and that there is no demonstrable prejudice to the other parties or to other interested entities, especially in light of, inter alia, the fact that Mitchell’s insurer received actual notice of the plaintiffs claim by virtue of the defective service. Under these circumstances, that branch of the plaintiff’s motion which was pursuant to CPLR 306-b for leave to extend the time to serve copies of the summons and complaint upon a representative of Mitchell’s estate should have been granted (see Leader v Maroney, Ponzini *985 & Spencer, 97 NY2d at 104; Moundrakis v Dellis, 96 AD3d at 1027; DiBuono v Abbey, LLC, 71 AD3d at 720). Accordingly, we grant that branch of the plaintiff’s motion and extend the plaintiff’s time to serve copies of the amended summons and complaint upon a representative of Mitchell’s estate until 120 days after the date of this decision and order.
The plaintiff’s remaining contention is without merit (see Laurenti v Teatom, 210 AD2d 300, 301 [1994]; see also SCPA 1002).
Skelos, J.E, Cohen, Miller and Hinds-Radix, JJ., concur.