■ US Bank National Association, Appellant, v Jean Joseph Saintus, Respondent, et al., Defendants. [61 NYS3d 315]—

Appeals from (1) an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered July 10, 2015, and (2) an order of that court entered October 28, 2015. The order entered July 10, 2015, granted that branch of the motion of the defendant Jean Joseph Saintus which was pursuant to CPLR

3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order entered October 28, 2015, insofar as appealed from, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend its time to serve the summons and complaint upon the defendant Jean Joseph Saintus.

Ordered that the order entered October 28, 2015, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend its time to serve the summons and complaint upon the defendant Jean Joseph Saintus is granted, and the order entered July 10, 2015, is vacated; and it is further,

Ordered that the plaintiff's time to serve the summons and complaint upon the defendant Jean Joseph Saintus is extended until 120 days after the date of this decision and order; and it is further,

Ordered that the appeal from the order entered July 10, 2015, is dismissed as academic in light of our determination on the appeal from the order entered October 28, 2015; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage. Following a hearing to determine the validity of service of process, in an order entered July 10, 2015, the Supreme Court granted that branch of the motion of the defendant Jean Joseph Saintus which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, concluding that the plaintiff had failed to exercise due diligence in attempting to effectuate service pursuant to CPLR 308 (1) or (2) before resorting to "nail and mail" service pursuant to CPLR 308 (4) (*see Aurora Loan Servs., LLC v Gaines*, 104 AD3d 885, 886-887 [2013]). No judgment dismissing the complaint on the ground of lack of personal jurisdiction was entered. In an order entered October 28, 2015, the Supreme Court, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend its time to serve the summons and complaint upon Saintus. The plaintiff appeals from both orders.

Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b for leave to extend its time to serve the summons and complaint upon Saintus in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). While the action was timely commenced,

the statute of limitations had expired when the plaintiff moved for this relief, the timely service of process was subsequently found to have been defective, there was no identifiable prejudice to Saintus attributable to the delay in proper service, and the complaint appears to be potentially meritorious (*see Rivera v Rodriguez*, 142 AD3d 657, 658 [2016]; *Wilson v City of New York*, 118 AD3d 983, 984 [2014]; *Castillo v JFK Medport, Inc.*, 116 AD3d 899, 900 [2014]). Contrary to Saintus's contention, the court did not lack jurisdiction to entertain this branch of the plaintiff's motion. Inasmuch as no judgment was entered dismissing the action, the action was pending when the plaintiff moved to extend the time to serve Saintus with process (*see Cooke-Garrett v Hoque*, 109 AD3d 457 [2013]).

In light of our determination on the appeal from the order entered October 28, 2015, the appeal from the order entered July 10, 2015, has been rendered academic. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.