Bank United, FSB v Verbitsky (2018 NY Slip Op 08623)





Bank United, FSB v Verbitsky


2018 NY Slip Op 08623


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2015-10512
 (Index No. 12170/08)

[*1]Bank United, FSB, respondent,
v Larisa Verbitsky, appellant, et al., defendants.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Thomas A. Hooker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Larisa Verbitsky appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated July 20, 2015. The order, insofar as appealed from, upon a decision of the same court (Nina L. Kurtz, Ct. Atty. Ref.) dated March 11, 2015, made after a hearing to determine the validity of service of process, denied those branches of that defendant's motion which were to vacate and set aside a foreclosure sale held on October 30, 2014, in effect, to vacate a judgment of foreclosure and sale dated February 18, 2014, entered upon her failure to appear or answer the complaint and an order of reference dated February 1, 2010, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and for failure to comply with RPAPL 1304, and granted the plaintiff's cross motion pursuant to CPLR 306-b for leave to extend its time to serve her with the summons and complaint to the extent of directing the plaintiff to effectuate service of process upon her within 60 days from the date of the order.
ORDERED that the order dated July 20, 2015, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Larisa Verbitsky which was to vacate and set aside a foreclosure sale held on October 30, 2014, and, in effect, to vacate a judgment of foreclosure and sale dated February 18, 2014, entered upon her failure to appear or answer the complaint and an order of reference dated February 1, 2010, and substituting therefor a provision granting that branch of her motion; as so modified, the order dated July 20, 2015, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage given by, among others, the defendant Larisa Verbitsky (hereinafter the defendant) by filing a summons and complaint with the Supreme Court, Kings County, on April 17, 2008. The defendant was purportedly served on May 22, 2008, but did not answer the complaint.
By order dated February 1, 2010, the Supreme Court granted the plaintiff's motion for an order of reference, and on February 18, 2014, issued a judgment of foreclosure and sale. After the property was sold at public auction, the defendant moved, inter alia, to vacate and set aside the foreclosure sale, in effect, to vacate the judgment of foreclosure and sale and the order of reference, and to dismiss the action insofar as asserted against her for lack of personal jurisdiction. Following [*2]a hearing to determine the validity of service of process, a referee found that the defendant had not been properly served. The plaintiff thereafter cross-moved pursuant to CPLR 306-b for leave to extend its time to serve the defendant with the summons and complaint.
In an order dated July 20, 2015, the Supreme Court, among other things, upon, in effect, confirming the referee's finding that service had not been properly made on the defendant, denied those branches of the defendant's motion which were to vacate and set aside the foreclosure sale, in effect, to vacate the judgment of foreclosure and sale and order of reference, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and for failure to comply with RPAPL 1304, and granted the plaintiff's cross motion pursuant to CPLR 306-b for leave to extend its time to serve the defendant with the summons and complaint to the extent of directing the plaintiff to effectuate service of process upon her within 60 days from the date of the order. The defendant appeals.
As a threshold matter, the defendant correctly contends that the Supreme Court should have granted those branches of her motion which were to vacate and set aside the foreclosure sale and, in effect, to vacate the judgment of foreclosure and sale and the order of reference. "[A] court is without power to render a judgment against a party over whom the court lacks jurisdiction. A judgment rendered without jurisdiction is void" (Berlin v Sordillo, 179 AD2d 717, 719; see Diaz v Perez, 113 AD3d 421, 421; U.S. Bank, N.A. v Bernhardt, 88 AD3d 871, 872). Accordingly, upon, in effect, confirming the referee's finding that the defendant was not properly served, the court was required to vacate and set aside the foreclosure sale, as well as the judgment of foreclosure and sale and order of reference upon which it was based (see Prudence v Wright, 94 AD3d 1073, 1074; U.S. Bank, N.A. v Bernhardt, 88 AD3d at 872).
However, in light of the plaintiff's timely cross motion pursuant to CPLR 306-b (see US Bank N.A. v Saintus, 153 AD3d 1380, 1382), the Supreme Court could consider whether to extend the time for service of process, rather than granting the branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
"An action is commenced by filing a summons and complaint" (CPLR 304[a]). "Service of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action" (CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.). Good cause requires the plaintiff to demonstrate, as a threshold matter, "reasonably diligent efforts" in attempting to effect service (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105; see Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085). In deciding whether, in the interest of justice, to grant an extension of time to serve a summons and complaint, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Emigrant Bank v Estate of Robinson, 144 AD3d at 1085; Wilson v City of New York, 118 AD3d 983, 984; Burwell v Yonkers Gen. Hosp., 6 AD3d 478, 480). "A determination of whether to grant the extension in the interest of justice is generally within the discretion of the motion court" (Siragusa v D'Esposito, 116 AD3d 837, 838).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting, in the interest of justice, the plaintiff leave to extend its time to serve the summons and complaint upon the defendant (see US Bank N.A. v Saintus, 153 AD3d at 1381-1382; Emigrant Bank v Estate of Robinson, 144 AD3d at 1085-1086; Tikvah Enters., LLC v Neuman, 80 AD3d 748, 748-749; cf. Slate v Schiavone Constr. Co., 4 NY3d 816).
The parties' remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court