Matter of McDaniels v Suffolk County Dept. of Social Servs. (2020 NY Slip Op 01172)





Matter of McDaniels v Suffolk County Dept. of Social Servs.


2020 NY Slip Op 01172


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01373
 (Index No. 08201/15)

[*1]In the Matter of Carla McDaniels, appellant,
v
Suffolk County Department of Social Services, et al., respondents.


Powers Law, P.C., West Islip, NY (Jennifer S. Lippmann of counsel), for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Steven B. Nacht of counsel), for respondent Suffolk County Department of Social Services.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Mark H. Shawhan of counsel), for respondents New York State Office of Children and Family Services and New York State Central Register of Child Abuse and Maltreatment.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated January 16, 2015, which, after a hearing, denied the petitioner's application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment, the petitioner appeals from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated December 22, 2016. The order denied the petitioner's motion, in effect, pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon the New York State Office of Children and Family Services, the New York State Central Register of Child Abuse and Maltreatment, and the Attorney General of the State of New York.
ORDERED that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
On May 8, 2015, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services (hereinafter OCFS), which, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend and seal a report maintained by the New York State Central Register of Child Abuse and Maltreatment (hereinafter the Central Register). In a decision dated April 4, 2016, the Supreme Court determined that the proceeding was subject to dismissal for lack of personal jurisdiction because OCFS, the Central Register, and the Attorney General had not been [*2]properly served. However, no judgment dismissing the petition on that ground was entered. The petitioner subsequently moved, in effect, pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon OCFS, the Central Register, and the Attorney General. In an order dated December 22, 2016, the court denied the motion on the ground that the proceeding was no longer pending at the time the motion was made. The petitioner appeals.
Contrary to the Supreme Court's conclusion, since no judgment had been entered dismissing the proceeding, the proceeding was still pending at the time the petitioner moved, in effect, pursuant to CPLR 306-b to extend the time for service, and the petitioner was not foreclosed from seeking that relief (see State of New York Mortgage Agency v Braun, __ AD3d __, 2020 NY Slip Op 01107 [2d Dept 2020]; US Bank N.A. v Saintus, 153 AD3d 1380, 1382; Cooke-Garrett v Hoque, 109 AD3d 457). Consequently, we reverse the order appealed from and remit the matter to the Supreme Court, Suffolk County, for a determination, on the merits, of the petitioner's motion, in effect, pursuant to CPLR 306-b to extend her time to serve the notice of petition and petition upon the OCFS, the Central Register, and the Attorney General.
The petitioner's contentions regarding the propriety of the decision dated April 4, 2016, are not properly before this Court.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court