Pinzon v IKEA N.Y., LLC (2022 NY Slip Op 03262)





Pinzon v IKEA N.Y., LLC


2022 NY Slip Op 03262


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-12588
 (Index No. 607256/16)

[*1]Gloria Pinzon, appellant, 
v
IKEA New York, LLC, defendant third-party plaintiff-respondent; Excel Building Services, LLC, third-party defendant-respondent.


Litman Law Firm, Woodbury, NY (Jeffrey E. Litman of counsel), for appellant.
Goldberg Segalla LLP, Buffalo, NY (Meghan M. Brown of counsel), for defendant
third-party plaintiff-respondent.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered September 30, 2019. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint.
ORDERED that the order is affirmed, with one bill of costs.
On September 21, 2013, the plaintiff allegedly slipped and fell inside a store owned and operated by the defendant. On September 20, 2016, the plaintiff commenced this action to recover damages for personal injuries allegedly resulting from the fall. In an order entered July 11, 2017, the Supreme Court denied the defendant's motion pursuant to CPLR 306-b to dismiss the complaint for lack of personal jurisdiction. In a decision and order dated July 11, 2018, this Court reversed the Supreme Court's order and granted the defendant's motion pursuant to CPLR 306-b to dismiss the complaint based on the plaintiff's failure to serve the summons and complaint upon the defendant within 120 days after the commencement of the action (see Pinzon v IKEA N.Y., LLC, 163 AD3d 733). More than a year later, by notice of motion dated August 9, 2019, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint in the interest of justice. The Supreme Court denied the motion, and the plaintiff appeals.
Contrary to the contentions of the defendant and the third-party defendant, the Supreme Court had jurisdiction to entertain the plaintiff's motion (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 69). Nevertheless, the court providently exercised its discretion in denying the plaintiff's motion. The plaintiff exhibited a lack of diligence in attempting to effect service within 120 days of the commencement of the action, failed to promptly request an extension of time for service, and failed to demonstrate a potentially meritorious cause of action (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; Butters v Payne, 176 AD3d 1028, 1029; Kowlessar v Darkwah, 172 AD3d 837, 842; Umana v Sofola, 149 AD3d 1138, 1139-1140).
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court