LaSalle Bank, NA v Ferrari (2022 NY Slip Op 06699)

LaSalle Bank, NA v Ferrari

2022 NY Slip Op 06699

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-06568
 (Index No. 32699/08)

[*1]LaSalle Bank, NA, etc., appellant, 
v
Raymond P. Ferrari, et al., defendants, Patricia Murphy, respondent.

Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for appellant.
F.J. Romano & Associates, P.C., Smithtown, NY (Frank J. Romano of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated February 10, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the defendant Patricia Murphy.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 31, 2006, Raymond P. Ferrari executed a note in favor of Washington Mutual Bank, FA, in the sum of $556,800. The note was secured by a mortgage encumbering certain real property owned by Ferrari. By deed dated December 11, 2006, Ferrari transferred the subject property to himself and the defendant Patricia Murphy (hereinafter the defendant) as joint tenants with rights of survivorship.
On August 27, 2008, the plaintiff commenced this action to foreclose the mortgage against Ferrari and the defendant, among others. In September 2014, the plaintiff moved, inter alia, for an order of reference. In December 2014, the defendant cross-moved, among other things, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. In an order dated September 28, 2016, the Supreme Court held the motion and the cross motion in abeyance pending the outcome of a hearing to determine the validity of service of process on the defendant.
The hearing was scheduled for November 16, 2016. On that date, the plaintiff's counsel informed the Supreme Court that the plaintiff could not go forward with the hearing because (1) the process server who served the defendant had died and as such, could not be called as a witness, and (2) counsel "was not able to discover any additional information that [he would] be able to present in admissible form . . . to establish service on [the defendant]." Counsel then indicated that, the day before, he had filed a motion, inter alia, to extend the time to serve the defendant. The court, among other things, adjourned the matter to December 20, 2016.
After this action was transferred to a different Justice, in an order dated December [*2]5, 2018, a second hearing to determine the validity of service of process was scheduled for January 28, 2019. In an order dated February 10, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to extend the time to serve the defendant, and the plaintiff appeals.
As the plaintiff correctly contends, the Supreme Court should not have denied that branch of its motion which was pursuant to CPLR 306-b to extend the time to serve the defendant on the ground that the court lacked jurisdiction to entertain the motion (see State of New York Mtge. Agency v Braun, 182 AD3d 63, 69; see also Pinzon v IKEA N.Y., LLC, 205 AD3d 942; JPMorgan Chase Bank, N.A. v Gluck, 195 AD3d 904, 905; Bayview Loan Servicing, LLC v Chaudhury, 188 AD3d 1128).
Turning to the merits, however, the Supreme Court properly denied that branch of the plaintiff's motion. Pursuant to CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice." "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998).
Contrary to the plaintiff's contention, it failed to demonstrate good cause for an extension of time to serve the defendant. "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). Here, the plaintiff failed to establish reasonable diligence (see State of New York Mtge. Agency v Braun, 182 AD3d at 67). The plaintiff was unable to produce the process server to testify at the hearing, as the process server was deceased, and the plaintiff did not produce the process server's logbook or other evidence of service to refute the defendant's assertions that the plaintiff had served a different person who was also named Patricia Murphy, and that the defendant resided at the subject property, not the address where service allegedly was effected.
Where, as here, the plaintiff fails to establish good cause, "courts must consider the 'interest of justice' standard of CPLR 306-b" (Bumpus v New York City Tr. Auth., 66 AD3d at 32). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a
threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106; see BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d at 998). "The interest of justice standard is a broader standard 'to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant'" (US Bank N.A. v Fink, 206 AD3d 858, 860, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105).
Contrary to the plaintiff's contention, it failed to demonstrate that an extension of time to serve the defendant was warranted in the interest of justice. The plaintiff was on notice in or around December 2014 that service upon the defendant allegedly was defective. Yet, the plaintiff waited until November 2016, on the eve of a hearing to determine the validity of service of process, to move for an extension of time to serve the defendant (see Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014; JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d 1484, 1486; Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 959). In addition, the plaintiff failed to demonstrate that it had a meritorious cause of action (see Federal Natl. Mtge. Assn. v Cassis, 187 AD3d 1145, 1148).
Although the statute of limitations had expired by the time the plaintiff moved for an extension of time, "a factor that usually would weigh in the plaintiff's favor," the lengthy delay in this action was attributable to an "overall extreme lack of diligence" on the part of the plaintiff (US Bank N.A. v Fink, 206 AD3d at 861; see Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014; JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d at 1486; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d at 1148; Fink v Dollar Mart, 186 AD3d 1197, 1199; Wells Fargo Bank, N.A. v Kaul, 180 [*3]AD3d at 959).
Furthermore, the plaintiff submitted no evidence that the defendant had actual notice of the action within 120 days of its commencement (see US Bank N.A. v Fink, 206 AD3d 858; Federal Natl. Mtge. Assn. v Cassis, 187 AD3d at 1148).
Accordingly, we affirm the order insofar as appealed from.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court