PNC Bank, N.A. v Sarfaty (2024 NY Slip Op 01324)

PNC Bank, N.A. v Sarfaty

2024 NY Slip Op 01324

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2021-06752
 (Index No. 35761/12)

[*1]PNC Bank, National Association, etc., respondent,
v
Eliahu Sarfaty, appellant, et al., defendants.

Jason Lowe, New York, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eliahu Sarfaty appeals from stated portions of an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated August 11, 2021. The order, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Eliahu Sarfaty.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
By summons and complaint filed on October 19, 2012, the plaintiff commenced this action against, among others, Eliahu Sarfaty to foreclose a residential mortgage. On or about November 29, 2012, Sarfaty interposed an answer, asserting an affirmative defense of lack of personal jurisdiction due to improper service of process.
By notice of motion dated January 10, 2013, Sarfaty moved to dismiss the complaint insofar as asserted against him, contending, among other things, pursuant to CPLR 3211(a)(8) that there was a lack of personal jurisdiction due to improper service of process. Over two years later, after certain settlement and loan modification negotiations occurred, and with Sarfaty's motion to dismiss still pending and undecided, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Sarfaty and for an order of reference.
In an order dated January 3, 2017, the Supreme Court, inter alia, in effect, held in abeyance that branch of Sarfaty's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction due to improper service of process and directed that a traverse hearing be held to determine whether Sarfaty was properly served. Following the traverse hearing, in an order dated July 26, 2018 (hereinafter the dismissal order), the court granted that branch of Sarfaty's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction due to improper service of process and denied, as academic, the plaintiff's motion for summary judgment.
On or about February 7, 2020, the plaintiff moved to vacate the relevant portion of the dismissal order and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Sarfaty. On August 12, 2020, while the plaintiff's motion was still pending and undecided, the Rockland County Clerk, upon the dismissal order, entered judgment dismissing the [*2]action. In the order appealed from, the Supreme Court, inter alia, vacated the judgment and granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Sarfaty.
Pursuant to CPLR 306-b, a court may exercise its discretion to extend a plaintiff's time to effectuate service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977). "'"Good cause" and "interest of justice" are two separate and independent statutory standards'" (LaSalle Bank, NA v Ferrari, 210 AD3d at 977, quoting BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998).
"'To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service'" (LaSalle Bank, NA v Ferrari, 210 AD3d at 977, quoting Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). The interest of justice standard requires a court to carefully analyze the factual setting of the case and to balance the competing interests presented by the parties (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; LaSalle Bank, NA v Ferrari, 210 AD3d at 978). "'Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (LaSalle Bank, NA v Ferrari, 210 AD3d at 978, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). The interest of justice standard is a broader standard than good cause, intended "'to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant'" (LaSalle Bank, NA v Ferrari, 210 AD3d at 978, quoting US Bank N.A. v Fink, 206 AD3d 858, 860 [internal quotation marks omitted]).
Here, although the plaintiff exhibited a lack of diligence in seeking an extension of time to serve the summons and complaint upon Sarfaty, for example, by waiting more than one year after the issuance of the dismissal order before making the subject motion, the other relevant factors all favor the granting of such relief. Specifically, the plaintiff timely commenced this action, but the statute of limitations had expired when the plaintiff moved for the subject relief. In addition, the plaintiff attempted service in a timely manner, and even though that service was defective, Sarfaty acquired actual notice of this action well within 120 days after its commencement. Moreover, Sarfaty did not demonstrate that his ability to defend against this action would be prejudiced in any way by the delay in service, and the plaintiff submitted evidence of a potentially meritorious cause of action via incorporation by reference of its prior summary judgment motion, which included an affidavit of merit (see Cohen v Romanoff, 83 AD3d 989, 989-990). Finally, the Supreme Court faulted both parties for delaying this action commenced in 2012.
Accordingly, under these circumstances, upon, inter alia, exercising its inherent power to vacate the judgment and the relevant portion of the dismissal order (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; State of New York Mtge. Agency v Braun, 182 AD3d 63, 78), the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Sarfaty (see State of New York Mtge. Agency v Braun, 182 AD3d at 78; US Bank N.A. v Saintus, 153 AD3d 1380, 1381-1382; see also Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744).
In light of the foregoing determination, we need not reach Sarfaty's remaining contentions.
MALTESE, J.P., FORD, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court