Diaz v Nasir (2024 NY Slip Op 03536)

Diaz v Nasir

2024 NY Slip Op 03536

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ. 

Index No. 811275/21E Appeal No. 2566 Case No. 2023-04811 

[*1]Daisy Diaz etc., et al., Plaintiffs-Respondents,
v
Syed U. Nasir, M.D., et al., Defendants, Candace Crutchfield etc., et al., Defendants-Appellants.

Bennett, Bricklin & Saltzburg, LLC, New York (Joseph DeDonato of counsel), for Michael B. Shannon, M.D., appellant.
Napoli Shkolnik, PLLC, Melville (Joseph L. Ciaccio of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about September 8, 2023, which, insofar as appealed from as limited by the briefs, denied defendant Michael B. Shannon, M.D.'s cross-motion to dismiss all claims against him, unanimously reversed, on the law, without costs, and the cross-motion granted.
Defendant Michael B. Shannon, M.D. contends that this action should have been dismissed as against him for lack of timely service under CPLR 306-b (see generally Leader v Maroney, 97 NY2d 95, 103-106 [2001]; Henneberry v Borstein, 91 AD3d 493, 495-496 [1st Dept 2012]). It is undisputed on appeal that plaintiff failed to properly serve Shannon within 120 days of commencement of this action. Plaintiff does not purport to have demonstrated good cause for the delay. We find that an extension of time to serve Shannon was not warranted in the interest of justice.
Shannon's unrebutted affidavit reflects that service was attempted at an office where he worked only as an independent contractor and that his residence and principal place of business were in Ohio. Plaintiff failed to make any effort to investigate further or to correct this error when Shannon failed to appear or answer. She did not file her default motion until nearly two years after commencing this action, which is well over the one-year deadline to make such a motion (see CPLR 3215[c]). The motion was also filed after discovery and motion practice were well underway.
While plaintiff did request an extension of time to serve Shannon, that request was made after Shannon moved to dismiss and therefore weighs against an interest of justice extension (see Riccio v Ghulam, 29 AD3d 558, 560 [2d Dept 2006]).
Similarly, although the fact that the statute of limitations on the medical malpractice claim against Shannon expired prior to plaintiff's making the default motion is "a factor that usually would weigh in the plaintiff's favor" (see CPLR 214-a; LaSalle Bank, NA v Ferrari, 210 AD3d 976, 978 [2d Dept 2022]), dismissal is nonetheless warranted given the lengthy delay due to plaintiff's lack of diligence (see LaSalle Bank, 210 AD3d at 978).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024