Wells Fargo Bank, N.A. v Ben-Aron (2024 NY Slip Op 05369)

Wells Fargo Bank, N.A. v Ben-Aron

2024 NY Slip Op 05369

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-06645
 (Index No. 130115/13)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Marvin Ben-Aron, appellant, et al., defendants.

Gregory A. Flood, Staten Island, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Ryan Sirianni of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marvin Ben-Aron appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 20, 2023. The order granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant Marvin Ben-Aron with the summons and complaint and denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In February 2013, the plaintiff commenced this action against, among others, the defendant Marvin Ben-Aron (hereinafter the defendant) to foreclose a mortgage. Although the defendant did not answer the complaint, on various dates from September 2013 through March 2014, the defendant appeared in the foreclosure conference part for settlement conferences.
In May 2014, the plaintiff moved, inter alia, in effect, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, alleging that he was never served with the summons and complaint. In an order dated May 26, 2016, the Supreme Court referred the matter to a referee for a hearing to determine the validity of service of process upon the defendant. On December 2, 2016, the parties appeared for the hearing, after which the referee determined on the record that the plaintiff had failed to prove that service was properly effectuated upon the defendant.
In an order dated May 16, 2018, the Supreme Court directed the defendant to order a transcript of the hearing by June 15, 2018, and the defendant failed to do so. Subsequently, on March 4, 2020, a copy of the so-ordered transcript of the hearing was filed with the Richmond County Clerk.
In June 2022, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the defendant with the summons and complaint. The defendant opposed the plaintiff's motion and separately moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. In an order dated April 20, 2023, the Supreme Court granted the plaintiff's motion and denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 306-b, a court may exercise its discretion to extend a plaintiff's time to effectuate service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977). "'Good cause and interest of justice are two separate and independent statutory standards'" (LaSalle Bank, NA v Ferrari, 210 AD3d at 977, quoting BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 998 [internal quotation marks omitted]). The interest of justice standard requires the court to carefully analyze the factual setting of the case and to balance the competing interests presented by the parties (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; LaSalle Bank, NA v Ferrari, 210 AD3d at 978). "'Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter'" (LaSalle Bank, NA v Ferrari, 210 AD3d at 978, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "'However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (id., quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). The interest of justice standard is a broader standard than good cause and is intended "'to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant'" (id., quoting US Bank N.A. v Fink, 206 AD3d 858, 860 [internal quotation marks omitted]).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the defendant and properly denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him (see e.g. US Bank N.A. v Saintus, 153 AD3d 1380, 1381-1382; Wilson v City of New York, 118 AD3d 983, 984; see also Chase Home Fin., LLC v Adago, 171 AD3d 533, 533). "While the action was timely commenced, the statute of limitations had expired when the plaintiff moved for this relief, the timely service of process was subsequently found to have been defective, there was no identifiable prejudice to [the defendant] attributable to the delay in proper service, and the complaint appears to be potentially meritorious" (US Bank, N.A. v Saintus, 153 AD3d at 1381-1382). Moreover, the record demonstrates that the defendant received notice of this action soon after its commencement in February 2013 and appeared in court for foreclosure settlement conferences later that same year (see Wilson v City of New York, 118 AD3d at 984). Although there was a lengthy delay before the plaintiff sought relief pursuant to CPLR 306-b, that delay was due to numerous factors, including the defendant's failure to timely obtain the transcript of the hearing to determine the validity of service of process, despite a court directive to do so (see Chase Home Fin., LLC v Adago, 171 AD3d at 533). Finally, public policy favors adjudication of actions on the merits (see id.).
In light of our determination, we need not reach the parties' contentions regarding good cause for an extension of time to serve the defendant.
The defendant's remaining contention is without merit.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court