Wilmington Sav. Fund Socy., FSB v Loubriel (2025 NY Slip Op 05122)

Wilmington Sav. Fund Socy., FSB v Loubriel

2025 NY Slip Op 05122

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-02270
 (Index No. 712243/20)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant, 
v
Maria Loubriel, respondent, et al., defendants.

McCarter & English, LLP, New York, NY (Jessie D. Bonaros and Adam M. Swanson of counsel), for appellant.
Deutsch & Schneider, LLP, Glendale, NY (William J. Fielding of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered February 25, 2022. The order denied the plaintiff's motion to confirm its compliance with so much of an order of the same court dated September 19, 2019, as directed the plaintiff to serve the summons and complaint on the defendant Maria Loubriel within 45 days of the date of the order dated September 19, 2019, or, in the alternative, to permit service on that defendant by publication and granted the cross-motion of the defendant Maria Loubriel pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order entered February 25, 2022, is affirmed, with costs.
In May 2009, the plaintiff's predecessor in interest commenced this foreclosure action against, among others, the defendant Maria Loubriel (hereinafter the defendant) as the mortgagor and owner of certain real property located in Richmond Hill. According to an affidavit of service, on June 15, 2009, a process server served the summons and complaint and related papers on the defendant at a property located in Williston Park (hereinafter the Williston Park property). The defendant did not appear or answer the complaint.
In November 2015, the plaintiff's predecessor in interest moved for leave to enter a default judgment against the defendant and for an order of reference. The Supreme Court, inter alia, granted the motion and appointed a referee to compute the amount due on the mortgage (hereinafter the order of reference). In February 2018, the court issued a judgment of foreclosure and sale.
In July 2017, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, in the alternative, to vacate her default in appearing or answering the complaint in the action and all prior orders in the action. The plaintiff opposed the motion and separately moved for leave to extend the time to serve the defendant with the summons and complaint. The Supreme Court, among other things, directed a hearing to determine the validity of service of process upon the defendant.
In July 2019, the hearing was held, in which the defendant confirmed that she resided at the Williston Park property. In an order dated September 19, 2019 (hereinafter the September 2019 order), the Supreme Court, inter alia, granted that branch of the defendant's motion which was to vacate her default in appearing or answering the complaint in this action and, in effect, the order of reference and the judgment of foreclosure and sale in the action, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and granted the plaintiff's motion to extend the time to serve the summons and complaint on the defendant to the extent of directing the plaintiff to serve the summons and complaint on the defendant within 45 days of the date of the September 2019 order.
In February 2020, the plaintiff moved to confirm its compliance with so much of the September 2019 order as directed the plaintiff to serve the summons and complaint on the defendant within 45 days of the date of the September 2019 order, on the ground that it had properly served the defendant pursuant to CPLR 308(4) at the Williston Park property and at an alternate address located in Connecticut or, in the alternative, to permit service on the defendant by publication. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In an order entered February 25, 2022, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"CPLR 308 requires that service be attempted by personal delivery of the summons to the person to be served, or by delivery to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (HSBC Bank USA, N.A. v Sanderson, 231 AD3d 1126, 1128 [citation and internal quotation marks omitted]; see CPLR 308[1], [2]). "'Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with due diligence'" (Matter of Rose R. [Oppenheimer], 231 AD3d 1038, 1042 [internal quotation marks omitted], quoting Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738; see CPLR 308[4]).
"'What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality'" (Bank of N.Y. Mellon Trust Co., N.A. v Iaboni, 230 AD3d 1204, 1205, quoting McSorley v Spear, 50 AD3d 652, 653). "'The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received'" (Creswell Invs., Ltd. v Brazil+Q1 Ltd., 234 AD3d 667, 668, quoting Niebling v Pioreck, 222 AD3d 873, 875).
Here, notwithstanding the plaintiff's reliance on the defendant's address as stated at the hearing, the Supreme Court properly determined that the plaintiff's attempts to serve the defendant did not satisfy the due diligence requirement of CPLR 308(4) (see Coley v Gonzalez, 170 AD3d 1107, 1108; County of Nassau v Letosky, 34 AD3d 414, 415; cf. Wilmington Trust Co. v Gewirtz, 193 AD3d 1110). Moreover, contrary to the plaintiff's contention, the court properly determined that the defendant should not be estopped from contesting service at the Williston Park property under the circumstances (see CitiMortgage, Inc. v Goldstein, 230 AD3d 1219, 1222; Castillo-Florez v Charlecius, 220 AD3d 1, 3).
Further, the Supreme Court properly denied that branch of the plaintiff's motion which was to permit service on the defendant by publication. In order to be entitled to such relief under the circumstances, wherein the time to serve the summons and complaint has expired, the plaintiff was required to demonstrate either good cause for a second extension of time to serve the summons and complaint on the defendant or that such an extension was warranted in the interest of justice (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; LaSalle Bank, NA v Ferrari, 210 AD3d 976, 977). Here, contrary to the plaintiff's contention, the court providently exercised its discretion in determining that the plaintiff was not entitled to a second extension of time to serve the summons and complaint on the defendant for good cause shown (see LaSalle Bank, NA v Ferrari, 210 AD3d at 977; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31) [*2]or in the interest of justice (see LaSalle Bank, NA v Ferrari, 210 AD3d at 978-979; Jung Hun Cho v Bovasso, 166 AD3d 868, 870).
Accordingly, the Supreme Court properly denied the plaintiff's motion to confirm its compliance with so much of the September 2019 order as directed the plaintiff to serve the summons and complaint on the defendant within 45 days of the date of the September 2019 order or, in the alternative, to permit service on the defendant by publication and granted the defendant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court